UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANE D. WALIEZER,

        Plaintiff,

  v.

ADAM FORTNEY, *et al.*,

        Defendants.

CASE NO. **2:21-cv-01100-RAJ-JRC**

ORDER

    Plaintiff brought his action under 42 U.S.C. § 1983. Dkt. 5. Before this Court is plaintiff's second motion to appoint counsel. Dkt. 17. As discussed below, this Court denies this motion.

    Although indigent defendants in criminal cases are entitled to appointed counsel, there is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory." (citations omitted)). However, in "exceptional circumstances," a district court may

ORDER - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986) (second alteration added) (citation omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d)." *Id.*

Here, plaintiff contends that this Court should appoint counsel because he is currently litigating several other cases *pro se* and because of "COVID 19 outbreaks and quarantine[s]." Dkt. 17. But this Court's review of the complaint does not indicate that, at this stage, the issues in this case are complex. *See* Dkt. 5. Furthermore, despite plaintiff's involvement in other *pro se* litigation, the record reflects that, at this stage, he can articulate his claims. *See id.* Additionally, plaintiff's allegation that COVID-19 outbreaks and quarantines have frustrated his ability to litigate this case is conclusory and is not, by itself, an "exceptional circumstance" that would give rise to appointment of counsel.

Accordingly, this Court **DENIES** the second motion to appoint counsel (Dkt. 17) without prejudice. The Clerk is directed to **SEND** plaintiff a copy of this order.

Dated this 29th day of October, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER - 2