UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHANE D. WALIEZER,

           Plaintiff,

    v.

ADAM FORTNEY, *et al.*,

           Defendants.

CASE NO. **2:21-cv-01100-RAJ-JRC**

ORDER

    Plaintiff filed this action under 42 U.S.C. § 1983. Dkt. 5. On October 25, 2021, this Court entered a scheduling order. Dkt. 29. The scheduling order set a discovery deadline of March 25, 2022. *Id.* at 1.

    On November 23, 2021, plaintiff filed a motion to delay response to defendants' first interrogatories and requests for production of records ("motion to delay"). *See* Dkt. 33 at 1, 5. Plaintiff contends that he cannot adequately respond to these requests until defendants produce certain discovery that he has requested from them. *See id.* at 1–4.

ORDER - 1

This motion is in essence a motion for a protective order. Such motions "must include a certification . . . that the movant has engaged in a good faith meet and confer conference . . . in an effort to resolve the dispute without court action." LCR 26(c). "The certification must list the date, manner, and participants to the conference." *Id.* As applicable here, a "good faith effort to confer requires a . . . telephone conference." *Id.* "If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute." *Id.*

Here, because plaintiff's motion to delay does not include the necessary certification, it is improper. This Court directs Plaintiff to work with his classification officer or other appropriate prison official to arrange a telephonic conference with defendants. Consequently, this Court denies the motion to delay without prejudice, which means he may file the motion again if he meets the procedural requirements for doing so. This disposition moots the remaining requests in this motion.

Plaintiff has also filed a motion to appoint expert witnesses under Federal Rule of Evidence 706. Dkt. 34. Plaintiff seeks appointment of a "trauma doctor" to examine his medical records and generate a report of his alleged injuries. *Id.* at 1. He also seeks appointment of a "trained forensic psychiatrist" to examine his mental health records and assess his mental health as it relates to "the incident in question." *Id.* at 2. Additionally, he seeks appointment of a "police practice[s]" expert examine evidence and "generate a comprehensive report regarding the [alleged] use of force on plaintiff." *Id.*

Federal Rule of Evidence 706 gives courts discretion to appoint neutral expert witnesses. *See Claiborne v. Blauser*, 934 F.3d 885, 889 (9th Cir. 2019) (citation omitted). "The principal purpose of a court-appointed expert pursuant to Rule 706, is to assist the trier of fact, not to serve

as an advocate for a party." *Bontemps v. Lee*, No. 2:12-CV-0771 KJN P, 2013 WL 417790 (E.D. Cal. Jan. 31, 2013).

Here, Plaintiff seeks appointment of expert witnesses to help him develop his evidence. Because such experts would not be "independent," *see Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999) (citation omitted), their appointment is improper under Rule 706. Furthermore, even if the witnesses were neutral, the record does not yet indicate that appointment of a neutral expert witness would be necessary or helpful to this Court in evaluating any "complex scientific issues or evidence." *See Rincker v. Oregon Dep't of Corr.*, 301 F. App'x 720 (9th Cir. 2008) (citation omitted); *see also Walker*, 180 F.3d at 1071. Accordingly, this Court denies plaintiff's motion to appoint expert witnesses without prejudice.

Plaintiff has also filed a motion for extension of time to complete discovery. Dkt. 35. However, because the discovery deadline is March 25, 2022, this request is premature. This Court denies this motion without prejudice.

Accordingly, this Court DENIES WITHOUT PREJUDICE plaintiff's motion to delay (Dkt. 33), motion to appoint expert witnesses (Dkt. 34), and motion for extension of time to complete discovery (Dkt. 35). The Clerk is directed to MAIL plaintiff a copy of this order.

Dated this 21st day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge